J-A28028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JONATHAN LIRIANO-RODRIGUEZ | |
| Appellant | No. 748 EDA 2019 |

Appeal from the Judgment of Sentence entered February 7, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0000582-2017

BEFORE:  PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                 **FILED MARCH 09, 2020**

Appellant, Jonathan Liriano-Rodriguez, appeals from the judgment of sentence imposed on February 7, 2019 in the Court of Common Pleas of Lehigh County following Appellant's entry of an open guilty plea to a charge of third-degree murder.[1]  Appellant argues that the sentence of 20 to 40 years in prison was excessive.  Following review, we affirm.

The procedural history is not in dispute.  Briefly, Appellant entered a guilty plea to third-degree murder on December 10, 2018.  In exchange for the plea, the Commonwealth agreed not to seek a first-degree murder

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

conviction. In all other respects, the plea was open. Trial Court Opinion, 3/28/19, at 1.

Following receipt and review of a pre-sentence investigation report, the court sentenced Appellant on February 7, 2019 to a term of 20 to 40 years in prison, a sentence within the standard range of the guidelines. *Id.* at 2. Appellant filed a post-sentence motion, which the trial court denied on February 20, 2019. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant asks us to consider one issue in this appeal:

A. Whether the trial court abused its discretion by imposing a sentence that was manifestly excessive and did not consider the Sentencing Code criteria?

Appellant's Brief at 5.

Appellant presents a challenge to the discretionary aspects of his sentence. As this Court has explained:

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled. "[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." **Commonwealth v. Provenzano**, [] 50 A.3d 148, 154 (Pa. Super. 2012) (quoting **Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 961 (Pa. 2007)). "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." **Id.** "An abuse of discretion may not be found

---

[2] Although Appellant complied with the trial court's directive to file a Rule 1925(b) statement, Appellant failed to append a copy of the statement to his appellate brief, as required by Pa.R.A.P. 2111(a)(11) and (d).

merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.***

***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa. Super. 2017).

"[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (citation omitted)." As noted above, Appellant preserved the issue by raising it in his post-sentence motion.

We begin our review of Appellant's issue by noting that "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the appropriateness of the sentence. ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). In ***Tirado***, this Court explained:

> An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Mouzon***, 571 Pa. 419, 435, 812 A.2d 617, 627 (2002). Only if an appellant's Rule 2119(f) statement meets these prerequisites can we determine whether a substantial question exists. ***Commonwealth v. Goggins***, [] 748 A.2d 721, 727 (Pa. Super.

2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000).

***Id.*** at 365.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted) (emphasis in original).

Appellant includes what is nominally "a concise statement on appeal with respect to the discretionary aspects of the sentence." Appellant's Brief at 6. In the statement, Appellant recognizes the requirement to include the statement and the need to show "that there is a substantial question that the sentence is not appropriate under the Sentencing Code." ***Id.*** (quoting ***Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002)). After suggesting that this Court will allow an appeal if an appellant advances a colorable argument that the judge's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process, Appellant states:

> In the instant matter, the trial court imposed a sentence of twenty to forty years. It was the maximum sentence that the court could have imposed. [Appellant] had no substantial criminal record, a strong work and family history and does not have a history of anti-social behavior. As a result, the Appellant believes that she (*sic*) has raised a substantial sentencing issue.

***Id.***[3]

It is not clear what "substantial question" Appellant's purports to raise in his Rule 2119(f) statement. This Court has determined that bald claims of an excessive sentence do not raise a substantial question, ***see, e.g., Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015). "However, an excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question." ***Id.*** Giving Appellant the benefit of the doubt, and in light of the fact his statement of question presented asserts an excessive sentence *and* the court's failure to consider mitigating factors, we will consider the merits of his claim.[4]

The trial court explained that Appellant's minimum sentence "was within the standard range of the guidelines" while "[t]he maximum was set at the statutory maximum. Unquestionably, the sentence imposed did *not* exceed the statutory limits." Order, 2/20/19, at n.1 (emphasis in original).

---

[3] We caution Appellant's counsel against cutting and pasting portions of briefs submitted to this Court. While the simple inclusion of the word "she" rather than "he" might not suggest that counsel cut and pasted in this instance, a review of the summary of argument confirms that is exactly what he did. The summary included on page 8 of Appellant's brief refers to a sufficiency and weight of evidence claim in a drug case involving a Ms. Ramirez.

[4] Similarly, in his post-sentence motion, Appellant argued that his "sentence was excessive, harsh and did not take into consideration the numerous mitigating factors demonstrated at sentencing." Post-Sentence Motion, 2/21/19, at ¶ 2.

Therefore, the court considered whether the sentence was "manifestly excessive." As the court recognized:

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Id.* (quoting ***Mouzon***, 828 A.2d at 1128 (citation omitted)). Here, the record belies Appellant's assertion that the court failed to consider mitigating factors.

As the trial court explained:

> Prior to sentencing, this court carefully reviewed the pre-sentence investigation report prepared on January 7, 2019. Therefore this court did not fail to consider mitigating factors. ***Commonwealth v. Devers***, 518 Pa. 88, 546 A.2d 12 (1988) (holding that where a pre-sentence report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the defendant's character, as well as any mitigating factors). Indeed, this court was cognizant of [Appellant's] age, [Appellant's] prior record, the situation and circumstances giving rise to the event, [Appellant's] employment history and [Appellant's] family.
>
> With *all* of this information in mind, this court used its discretion and imposed a sentence that was within the standard range of the guidelines and in compliance with the plea agreement.

*Id.* (some capitalization omitted) (emphasis in original).

Based on our review, we discern no abuse of discretion on the part of the sentencing court in imposing a sentence of 20 to 40 years in prison for third-degree murder. *See **Commonwealth v. Saranchak***, 675 A.2d 268, 277 n.17 (Pa. 1996) ("It is well-established that a sentencing court can impose a sentence that is the maximum period authorized by the statute."). As the

trial court explained, the court reviewed the pre-sentence investigation report and "wholeheartedly considered the 'protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines.'"  Order, 2/20/19 at n. 1 (quoting 42 Pa.C.S.A. § 9721 and citing **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa. Super. 2008)).  Therefore, we will not disturb the sentence.

Judgment affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/9/2020*